

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 27, 1971

Honorable Everett L. Anschutz
Executive Secretary
Employees Retirement System
   of Texas
Capitol Station
Austin, Texas 78711

Opinion No. M-979

Re: Whether Presidential Executive Order No. 11615, dated August 15, 1971, freezing prices, wages, etc., prohibits implementation of S. B. 531, 62nd Leg., R.S., 1971, as it related to benefits and funding increases paid from and into the trust funds administered by the State Employees Retirement System of Texas.

Dear Mr. Anschutz:

We acknowledge receipt of your opinion request in which you ask the following questions:

"1. Senate Bill 531, 62nd Legislature, Regular Session, provides for an increase in all retirement annuities, effective September 1, 1971, for persons previously retired and those who will retire thereafter. Does this Presidential Executive Order prohibit the implementation of these increases?

"2. We conclude from your Opinion M-919 that the amount available for participation in insurance premiums for retirees is related to the availability of funds for payment of such premiums for active employees. Such premiums for retired employees are made part of the benefit increases provided in Senate Bill 531, 62nd Legislature, Regular Session. Does the Presidential Order prohibit the payment of such premiums?

-4772-

"3.  Senate Bill 531, 62nd Legislature, Regular Session, provides that both the employee contribution and the State matching rate under the Retirement Act shall be increased to 6 percent of compensation effective September 1, 1971.  (The current rate is 5 percent.) Does this Presidential Executive Order prohibit implementation of the 6 percent contribution and matching rate?

"4.  Senate Bill 531, 62nd Legislature, Regular Session, provides that certain previous State service which had been waived or with respect to which contributions had been refunded may be established only upon payment of a 5 percent penalty interest from date of waiver or refund.  (The current penalty interest rate is 2 1/2 percent.)  Does this Presidential Executive Order prohibit implementation of the 5 percent penalty interest rate?"

While it is the policy of this office not to pass upon questions arising under the federal law, particularly in the absence of a ruling or interpretation by the federal agency charged with its administration and enforcement, yet in this instance you have secured a federal ruling and interpretation by the agency concerned and you now await only the opinion of this office advising you as to whether in our opinion you may properly act in accordance therewith.   You have furnished us with a copy of your request for a ruling from the Office of Emergency Preparedness and also a copy of the letter ruling addressed to you under date of October 12, 1971, from the Executive Office of the President, Office of Emergency Preparedness, Washington, D. C., from which we quote in part as follows:

"Paragraph 501(d) of Economic Stabilization Circular No. 2 provides:

'Previously planned increases in pension benefits for those retired before the freeze or those about to retire are allowed, but unplanned increases are not allowed.  For example, a scheduled increase in pensions which is planned for October 15 may also receive this increase.'

"Therefore, it appears from the information provided that the retirement annuity increases provided for in Senate Bill 531 may be paid both to those who retired before the freeze and those about to retire during the freeze.

"Paragraph 502(e) of Economic Stabilization Circular No. 3 provides:

'An increase in an employer's contribution can be made to a pension fund to finance a benefit increase which was granted and became effective before August 15. '

"Paragraph 504(1) of Economic Stabilization Circular No. 15 provides:

'An employer may increase contributions to a pension fund during the freeze, if that increase is used to fund benefit increases that were effective or declared prior to August 15. This is true regardless of when increased benefits are to go into effect. Employers may not increase pension contributions to finance benefit increases announced during the freeze.

'Employers may pay increased benefits schedules to go into effect during the freeze to all retired employees eligible to receive the increase, including employees who retire during the freeze. However, after August 15, employers may not make new benefits increases to go into effect during the freeze. '

"In line with the above guidance from the Cost of Living Council, it appears that the freeze does not preclude the payment of increased contributions of the type you inquired about.

"In response to your last question interest rates are not covered by the freeze. However, the President has requested that in the spirit of the freeze, they not be increased."

We published Attorney General Opinion No. M-942 (1971), in which we concluded that President Nixon's recent Executive Order provided for stabilization of prices, rents, wages and salaries was valid and applicable to the State of Texas. Executive Orders are held to have the force and effect of statutes enacted by Congress. Farkas v. Texas Instruments, 375 F. 2d 629, 632, cert. den., 389 U.S. 977 (C.A. 5th, 1967.) Likewise, the federal regulations and rulings of the federal agencies charged with enforcement of the law will be followed by our courts unless clearly wrong. 42 Am. Jur. 392, Statutes, Sec. 78, pp. 398-400, Sec. 79.

Your questions arise out of the definition in Paragraph 501(B) of the Wage and Salary Guidelines which states:

"For purposes of the regulation, wage, salary, or other form of compensation includes all forms of remuneration to an employee by an employer for personal services including, but not limited to, premium overtime rate payments, night shift, year-end, and other bonus payments, incentive payments, commissions, vacation and holiday payments, employer contributions to or payments of insurance or welfare benefits or pension funds or annuities, and payments in kind. (Underlining for emphasis.)

The definition set forth in Paragraph 501(B), as interpreted and clarified by the issuance of Economic Stabilization Circular No. 's 2, 3, and 15 quoted above, is applicable to Senate Bill 531, 62nd Legislature, Regular Session, 1971, and we agree with such ruling or interpretation as above set out. You are advised, therefore, that all four of your questions should be answered in the negative and that all provisions of Senate Bill 531 related to your questions may be fully implemented on and after the effective dates prescribed therein.

SUMMARY

The provisions of Senate Bill 531, 62nd Legislature, Regular Session, 1971, as they relate to the benefits and funding increases paid from and into the trust funds administered by the State Employees Retirement System of Texas constitute a "Previously planned increases in pension benefits . . ." within the meaning of Economic Stabilization Circulars No.'s 2, 3, and 15, and therefore, Senate Bill 531 may be fully implemented on and after the effective dates prescribed therein.

The increase in retirement annuities for retirees both before and after September 1, 1971, may be allowed, and the payment of insurance premiums for retired employees is not prohibited. The Presidential Freeze Order does not prohibit state payment of the six percent contribution and matching rate under the Retirement Act nor implementation of the five percent penalty interest rate increase as to those claiming prior state service previously waived or for which contributions had been refunded.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

Rex White
James McCoy
Ray McGregor
John Banks

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant